ORIGINAL

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

DAVID JAFFE
Chief
Violent Crime and Racketeering Section

CHRISTINA TAYLOR
MD Bar #0606130048
Trial Attorney
1301 New York Avenue, N.W.
Suite 700
Washington, DC   20530
Telephone: (202) 679-1034
E-mail:   Christina.Taylor@usdoj.gov

W. KEAUPUNI AKINA #11565
Assistant U.S. Attorney
United State Attorney's Office
District of Hawaii
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail:   KeAupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 20 2025

at 10 o'clock and 25 min. A M CB
Lucy H. Carrillo, Clerk



SEALED
BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA | ) | CR. NO. 24-00017-HG |
| | ) | |
| Plaintiff, | ) | FIRST SUPERSEDING |
| | ) | INDICTMENT |
| vs. | ) | |

| | |
|---|---|
| FILIMONE TAVAKE, a/k/a "Junior," and SHERI SHIMIZU, Defendants. | ) [18 U.S.C. §§ 924(c)(1)(A) and 2; 18 ) U.S.C. §§ 924(j)(1) and 2; 21 U.S.C. ) §§ 848(e)(1)(a) and 2; 21 U.S.C. §§ ) 846, 841(a)(1), and 841(b)(1)(A)] ) |

## FIRST SUPERSEDING INDICTMENT

The Grand Jury charges:

## Count 1

### Carry, Use and Discharge of a Firearm During and In Relation to a Drug Trafficking Crime, Aiding and Abetting
### (18 U.S.C. §§ 924(c)(1)(A) and 2)

On or about March 27, 2021, within the District of Hawaii, FILIMONE TAVAKE, the defendant, aided and abetted by others known and unknown to the Grand Jury, did knowingly carry and use a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute methamphetamine as charged in Count 4 of this Indictment, and in doing so said firearm was discharged.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

2

## Count 2

### Causing the Death of a Person Through Use of a Firearm, Aiding and Abetting
### (18 U.S.C. §§ 924(j)(1) and 2)

On or about March 27, 2021, within the District of Hawaii, FILIMONE

TAVAKE, the defendant, aided and abetted by others known and unknown to the

Grand Jury, in the course violation of Title 18, United States Code, Section

924(c)(1)(A), as charged in Count 1 of this Indictment, caused the death of another

person, Malakai Maumalanga, through the use of a firearm, which killing

constituted murder as defined in Title 18, United States Code, Section 1111.

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

## Count 3

### Killing While Engaged in Offenses Punishable under Title 21, United States Code
### 841(b)(1)(A), Aiding and Abetting
### (21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2)

On or about March 27, 2021, within the District of Hawaii, FILIMONE

TAVAKE, the defendant, aided and abetted by others known and unknown to the

Grand Jury, while engaged in an offense punishable under Title 21, United States

Code, Section 841(b)(1)(A), that is conspiracy to distribute and possess with intent

to distribute methamphetamine as charged in Count 4 of this Indictment, which

offense involved a 50 grams or more of methamphetamine, a Schedule II

controlled substance, did knowingly and intentionally kill and cause the intentional

3

killing of another person, Malakai Maumalanga, and such killing did result.

All in violation of Title 21, United States Code, Section 848(e)(1)(A) and 2.

## Count 4

### Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine
### (21 U.S.C. § 846)

Beginning in or about November 2020, the exact date being unknown to the Grand Jury, and continuing up to and including March 27, 2021, within the District of Hawaii, FILIMONE TAVAKE, the defendant, did knowingly and intentionally conspire, confederate and agree with other individuals, known and unknown to the Grand Jury, to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

## Count 5

### Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine
### (21 U.S.C. § 846)

Beginning in or about November 2022, the exact date being unknown to the Grand Jury, and continuing up to and including December 14, 2022, within the District of Hawaii, FILIMONE TAVAKE, and SHERI SHIMIZU, the defendants, did knowingly and intentionally conspire, confederate and agree with other

4

individuals, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

## Count 6

### Possession with Intent to Distribute Methamphetamine
### (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

On or about November 23, 2022, within the District of Hawaii, FILIMONE TAVAKE, the defendant, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## Count 7

### Possession with Intent to Distribute Methamphetamine
### (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

On or about December 2, 2022, within the District of Hawaii, SHERI SHIMIZU, the defendant, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

5

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## First Forfeiture Notice

1.    The allegations set forth in Counts 1 and 2 of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2.    The United States of America hereby gives notice that, upon conviction of an offense in violation of Title 18, United States Code, Sections 924(c) and (j), as charged in Counts 1 and 2 of this First Superseding Indictment, FILIMONE TAVAKE, the defendant, shall forfeit to the United States of America any firearms and ammunition involved in or used in that offense.

3.    If any of the property subject to forfeiture described in paragraph 2 of this first forfeiture notice, as a result of any act or omission of FILIMONE TAVAKE, the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot

be divided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## Second Forfeiture Notice

1.     The allegations set forth in Counts 3 through 7 of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 21, United States Code, Section 853.

2.     The United States of America hereby gives notice that, upon conviction of an offense in violation of Title 21, United States Code, Section 848(e)(1)(A) as charged in Count 3 or upon a conviction of an offense in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), as charged in Counts 3 through 7 of this First Superseding Indictment, FILIMONE TAVAKE, and SHERI SHIMIZU, the defendants, shall forfeit to the United States of America any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any and all

7

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

3.    If any of the property subject to forfeiture described in paragraph 2 of this second forfeiture notice, as a result of any act or omission of FILIMONE TAVAKE, and SHERI SHIMIZU, the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property up

//

//

//

//

//

//

//

8

to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p).

DATED:  February 20, 2025, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

_Kn Sorenson_
KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

CHRISTINA TAYLOR
Trial Attorney
Violent Crime and Racketeering Section

W. KEAUPUNI AKINA
Assistant U.S. Attorney

United States v. Filimone Tavake and Sheri Shimizu
First Superseding Indictment
Cr. No. 24-00017-HG

9